UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| REBECCA L. TORRES-RIOS, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-38 RM |
| | ) (Arising out of 3:08-CR-12(02) RM) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

OPINION and ORDER

Rebecca Torres-Rios pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (one of six counts charged in the indictment), and was sentenced on September 4, 2008 to a statutory minimum five-year term of imprisonment under 18 U.S.C. § 924(c)(1)(A)(i). Ms. Torres-Rios is now before the court requesting that her sentence be vacated, set aside, or corrected pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Examination of Ms. Torres-Rios' plea agreement reveals that she was apprised of and understood the mandatory minimum sentence for the offense to which she was pleading guilty, and that she waived her right to appeal her conviction and sentence and to contest her conviction and sentence in a § 2255 proceeding. The plea agreement was signed by Ms. Torres-Rios, her attorney Michael Tuszynski, and Assistant United States Attorney Kenneth Hays and contained the following language in paragraph 9:

> (c) I understand that the maximum possible penalty for a violation of Title 18, United States Code, Section 924(c), as charged in Count Six (6) of the Indictment and to which I am pleading guilty is a mandatory term of imprisonment of five years along with a fine of up to $250,000.00...

> (d) I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed on me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with that understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

***

(g) This plea agreement is being submitted pursuant to the provision of Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure. The defendant understands that the government's recommendation for acceptance of responsibility, low end of the applicable guideline range and dismissal of remaining counts are nonbinding on the Court. If the court fails to adopt these recommendations, the defendant understands that she will not be able to withdraw from this plea agreement. I also understand that the charge to which I am pleading guilty carries a mandatory sentence of sixty (60) months regardless of these recommendations and the United States Sentencing Guidelines.

***

(i) Subject to the provisions of Rule 11 of the Federal Rules of Criminal Procedure, I have and will discuss fully , truthfully and candidly my knowledge of illegal drug trafficking activities with representatives of the United States Attorney's Office for the Northern District of Indiana as well as agents for the Bureau of Alcohol, Tobacco and Firearms, the South Bend Organized Crime Drug Enforcement Task Force, the Metro Special Operations Section, the South Bend Police Department, the Drug Enforcement Administration and any other law enforcement agency if requested to do so by the United States Attorney's Office for the Northern District of Indiana.

If requested to do so by the United States Attorney's Office for the Northern District of Indiana, I will testify truthfully, candidly and completely in grand jury proceedings in the Northern District of Indiana and elsewhere. I will testify truthfully, candidly and completely in other judicial proceedings arising out of my knowledge concerning drug trafficking, including trials.

In addition, I will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as I possess or as is under my control.

Paragraph 12 of Ms. Torres-Rios' plea agreement states:

I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any

3

way by anyone to cause me to plead GUILTY in accordance with this petition.

Despite the waivers and admissions in her plea agreement, Ms. Torres-Rios now challenges her sentence "based on the Government's refusal to file a Rule 35(b) or similar motion [to reduce her sentence] for substantial assistance and cooperation." She asks the court to "grant her relief [from] her sentence," "allow her re-entry to the community," and "allow an adjustment to her sentence or mandate home confinement for the remainder of [her term of imprisonment]."

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked only in limited circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is longer than the statutory maximum sentence for the crime of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Ms. Torres-Rios said at her change of plea hearing that her plea was knowing and voluntary, that she had read and understood the terms of the plea agreement, that she told her counsel everything counsel needed to know to represent her in this case, that she had discussed the plea agreement with her counsel before the plea hearing, that she understood she was giving up her right

4

to appeal or otherwise challenge her sentence, and that she was satisfied with the representation her attorney had provided. At the plea hearing, Ms. Torres-Rios also told the court that she understood that the mandatory minimum term of imprisonment for the offense to which she was pleading guilty was five-years, and that no one had made any promises or predictions, other than those contained in the plea agreement, as to what her sentence would be.

Ms. Torres-Rios' sworn statements at her change of plea hearing are presumed to be truthful when deciding whether her plea was knowing and voluntary, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that her guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to her." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Ms. Torres-Rios' right to appeal and to file a § 2255 petition, the court explained the waiver to her during the plea colloquy, and Ms. Torres-Rios acknowledged that she understood. Because Ms. Torres-Rios' plea was informed and voluntary, the waiver of her right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Ms. Torres-Rios hasn't alleged that her attorney was ineffective in negotiating the plea or the waiver of her right to challenge the sentence contained in her plea agreement, Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000), and while a sentence greater than the statutory maximum sentence for a

defendant's crime can be challenged even if the defendant executed a blanket waiver of her appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Ms. Torres-Rios received the mandatory minimum sentence for her offense, not the maximum sentence allowed by law. To the extent Ms. Torres-Rios contends that the government agreed to file a motion to reduce her sentence for substantial assistance and breached that duty, her claim is unsupported by the record, doesn't relate to the negotiation of the waiver of her right to appeal, and is foreclosed by the plea agreement, in which Ms. Torres-Rios expressly waived her right to appeal or challenge her sentence and the manner in which it was determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

Ms. Torres-Rios isn't entitled to the relief she seeks. Accordingly, her petition filed pursuant to 28 U.S.C. § 2255 [Doc. No. 77] is SUMMARILY DISMISSED.

SO ORDERED.

ENTERED: <u>  January 27, 2011  </u>

<u>  /s/ Robert L. Miller, Jr.  </u>
Judge
United States District Court

cc:    R. Torres-Rios
       AUSA Hays